## PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,
Appellee

v.

## DISTRICT OF COLUMBIA,
et al., Appellants.

No. 05–7007.

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 2006.

Martin D. Schneiderman, Paul J. Ondrasik, Jr., Alice E. Loughran, Linda S. Stein, Steptoe & Johnson, Washington, DC, for Appellee.

Lutz Alexander Prager, Edward Eugene Schwab, Deputy Attorney General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Washington, DC, for Appellants.

Before: GINSBURG, Chief Judge, RANDOLPH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the case be remanded to the district court for reconsideration in light of *Pharmaceutical Care Management Ass'n v. Rowe*, 429 F.3d 294 (1st Cir.2005). *See Baker v. District of Columbia*, 326 F.3d 1302, 1308 (D.C.Cir. 2003) ("court will generally remand issues of collateral estoppel to the district court when they are raised for the first time on appeal"). On remand, the district court should determine the extent to which *Rowe* precludes the appellee from litigating the validity of Title II of the AccessRx Act of 2004, D.C. CODE § 48–831.01 *et seq.* (Supp.2005), and, to the extent it is not precluded, whether that decision has any effect upon the appellee's likelihood of success on the merits of its case.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.